UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P.J. KENNETH JEFFERSON,

        Petitioner,         Case Number 2:12-CV-14142
                                              Honorable Sean F. Cox

DAVID BERGH,

        Respondent.
_____/

## OPINION AND ORDER
## DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, P.J. Kenneth Jefferson, is serving a mandatory life sentence as a result of his February 2, 1996, Recorder's Court for the City of Detroit conviction of one count of first-degree murder. MICH. COMP. LAWS § 750.316. Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction on six grounds: (1) Petitioner should not have been tried jointly with his co-defendant; (2) the trial court erroneously admonished a prosecution witness and her mother; (3) the trial court failed to instruct the jury on the lesser offenses of manslaughter and reckless discharge of a firearm; (4) Petitioner was denied the effective assistance of trial counsel; (5) Petitioner was denied the effective assistance of appellate counsel; and (6) Petitioner is actually innocent. Respondent filed an answer, asserting that the petition was untimely filed. The Court agrees and finds that the petition has been filed in violation of the one-year statute of limitations. The Court will also deny Petitioner a certificate of appealability.

## BACKGROUND

Petitioner's conviction results from the shooting death of sixteen-year-old Javier Roundtree, who apparently made some sort of hand gesture at a passing vehicle occupied by Petitioner and his

co-defendant, Joe Thomas.

At trial, James Roundtree testified that in the afternoon of January 23, 1995, he was in his Detroit home waiting for his son, Javier to come home. He then received information that his son had been shot. Roundtree went to the street and found his son with blood on his face. Javier died in his arms.

Dollie Brooks testified that Petitioner and several other people were hanging-out at Joe Thomas's home on the day of the shooting. At some point, the group left Thomas's apartment in two cars. Petitioner was driving a red car. Thomas sat in the front passenger seat of the red car, and Tina Thomas was seated in the back. The others left in a jeep.

Brooks testified that both vehicles stopped at a red light on West Grand Boulevard. While they were waiting at the intersection, people got off a bus. Someone from the jeep waved to a young man who had exited the bus, and he waved back. Brooks then heard shots from behind the car and saw the young man fall to the ground.

Tina Thomas, who was seated in the back of the red car, testified that she saw Thomas shoot the young man after he made a gesture. She then heard Petitioner say, "He ain't dead. I know when somebody faking like they dead." Joe Thomas replied, "He is dead." Petitioner then took the gun from Thomas and said, "I'm about to let the clip out on him." But before Petitioner exited the car, sirens could be heard and they drove off.

Thomas Johnson testified that he lived in the area where the murder occurred. He had gone to work and got off the bus at West Grand Boulevard and Buchanan. He saw Javier Roundtree get off the bus at the same stop. Roundtree was right in front of Johnson, and both of them were walking in the same direction. He noticed Roundtree motion to the people in a red car "what's up." The

2

driver of the red car then backed up, the passenger rolled down his window, and then he pulled out a handgun. Johnson and Roundtree started to run. Roundtree ran toward an alley when the passenger shot him twice in the head. Johnson ran into the street and got the license plate number of the red car.

Based on this evidence the jury found Petitioner guilty of first-degree murder on an aiding-and-abetting theory. He was subsequently sentenced to mandatory life imprisonment.

Petitioner subsequently filed a claim of appeal in the Michigan Court of Appeals, which affirmed his conviction in an unpublished opinion. *People v. Thomas*, No. 194263, 1997 WL 33330671, at *3 (Mich. Ct. App. Dec. 19, 1997). The Michigan Supreme Court denied leave to appeal on October 26, 1998. *People v. Thomas*, 587 N.W.2d 499 (Mich. 1998) (unpublished table decision).

On August 10, 2010, Petitioner returned to the trial court and filed a motion for relief from judgment. The trial court denied the motion for relief from judgment in an opinion and order dated December 7, 2010. *People v. Jefferson*, No. 95-002061-02 (Wayne Cnty. Cir. Ct. Dec. 7, 2010).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, but the court denied leave for failure to establish entitlement to relief under MICH. CT. R. 6.508(D). *People v. Jefferson*, No. 301833, Order (Mich. Ct. App. Oct. 5, 2011). Petitioner applied for leave to appeal that decision in the Michigan Supreme Court, but was also denied relief under Rule 6.508(D). *People v. Jefferson*, 815 N.W.2d 477 (Mich. 2012) (unpublished table decision).

Jefferson then filed the instant habeas petition on September 18, 2012.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for habeas petitions filed by state prisoners seeking habeas relief from state court judgments. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually from the date on which the judgment became final by the conclusion of direct review or when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during any time in which "a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other potential starting points apply. Petitioner does not assert that his claims are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. See §§ 2244(d)(1)(B)-(D). Petitioner does claim that he was not able to obtain his co-defendant's affidavit until 2004, in which Thomas claims that Petitioner did not know he had a gun. But the affidavit does not relate to any of his substantive habeas claims, and in any event, it was obtained six years before Petitioner filed his state post-conviction review proceeding.

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Michigan Supreme Court denied leave to appeal from Petitioner's direct appeal on October 26, 1998. Petitioner did not seek a writ of certiorari in the United States Supreme Court. His convictions therefore became final 90 days later,

on January 24, 1999, when the availability of a direct appeal to the United States Supreme Court expired due to the expiration of the deadline for seeking a writ of certiorari, and the limitations period began to run the next day. See Sup. Ct. R. 13.1; Sup. Ct. R. 30.1. It then expired one year later, in January of 2000. Petitioner waited over twelve more years to file his habeas petition in this Court.

Petitioner filed a motion for relief from judgment in 2010, ten years after the limitations period had already expired. The state post-conviction proceeding had no impact on the statute of limitations calculation. The tolling provision in § 2244(d)(2), which discounts the time during which state post-conviction review proceedings are pending, does not revive the one-year limitation period or "restart the clock." Rather, § 2244(d)(2) can only serve to pause a statute-of-limitation clock that has not yet fully run. *Patterson v. Lafler*, 455 Fed. Appx. 606, 608 (6th Cir. 2012); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed by Petitioner in the Michigan state courts cannot serve to toll or avoid the statute of limitation provided in 28 U.S.C. § 2244(d)(1). *Payton*, 256 F.3d at 408. Accordingly, by the time Petitioner filed his state post-conviction review proceeding, the statute of limitations had long since expired. Therefore, the petition is time barred unless Petition can demonstrate grounds for equitable tolling.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible

claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner has not explained why it has taken him over twelve years to file his habeas petition. Although Petitioner is a prisoner who is untrained in the law, this does not warrant equitable tolling. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned pro se habeas petitioners. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003).

Nor has Petitioner demonstrated that he is actually innocent. Actual innocence can be the basis for equitable tolling when a petitioner "can present new evidence with undermines this court's confidence in the outcome of the trial." *Souter*, 395 F.3d at 600. The Sixth Circuit has held that, to form the basis for equitable tolling, a claim of actual innocence must be supported by "sufficient new facts such that it is more likely than not that no reasonable juror would have found the defendant guilty." *Id*. at 596, n. 11. "'Without any new evidence of innocence, even a concededly meritorious constitutional violation is not in itself sufficient' to reach the merits of a time-barred claim." *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008).

Petitioner's claim of actual innocence is based on the affidavit of his co-defendant which claims that Petitioner did not know he had a gun. The affidavit hardly demonstrates Petitioner's

innocence. Thomas is a convicted felon who is currently incarcerated. Such statements are viewed with extreme suspicion. *See Milton v. Secretary, Dep't of Corr.*, 347 F. App'x 528, 531-32 (11th Cir. 2009) (affidavits from fellow inmates and family members created after trial are not sufficiently reliable evidence to support a claim of actual innocence); *Mendez v. Graham*, No. 11-CV-5492, 2012 U.S. Dist. LEXIS 179523, 2012 WL 6594456, *11-12 (E.D.N.Y. Dec. 18, 2012) (finding that fellow inmate's affidavit, executed after meeting habeas petitioner in prison, and containing confession to petitioner's crime, was unreliable); *Torres v. Graham*, No. 06-CV-508, 2009 WL 4730313, *4 n. 8 (W.D.N.Y. Dec. 5, 2009) (finding that affidavits from fellow inmates who were supposedly present at the shooting and alleged that petitioner was not the shooter were unreliable); *see also Herrera*, 506 U.S. at 423 ("It seems that, when a prisoner's life is at stake, he often can find someone new to vouch for him"). In short, Petitioner has not demonstrated entitlement to equitable tolling on the grounds that he is actually innocent. The petition will therefore be dismissed as time-barred.

Finally, before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.


Dated: May 7, 2013               S/ Sean F. Cox
                                 Sean F. Cox
                                 U. S. District Court Judge


I hereby certify that on May 7, 2013, the foregoing document was served upon counsel of record by electronic means and upon P. J. Kenneth Jefferson by First Class Mail at the address below:

P.J. KENNETH JEFFERSON
248025
KINROSS CORRECTIONAL FACILITY
16770 S. WATERTOWER DRIVE
KINCHELOE, MI 49788

Dated: May 7, 2013               S/ J. McCoy
                                 Case Manager